[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13300
Non-Argument Calendar

_____

D.C. Docket No. 6:15-cv-00052-ACC-GJK

ROBERT G. DELLO RUSSO,

                                        Plaintiff - Appellant,

versus

FIFTH THIRD BANK,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 22, 2015)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Robert G. Dello Russo appeals the district court's dismissal of his negligent misrepresentation, fraud, and unjust enrichment claims against Fifth Third Bank (Fifth Third).  Fifth Third moved the district court for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The district court found Illinois law governs Dello Russo's claims and concluded that the Illinois Credit Agreement Act (ICAA) bars all of the claims.  Accordingly, the court granted Fifth Third's motion.  Dello Russo argues the district court erred in granting the motion because Florida—not Illinois—law is governing and, under Florida law, he is entitled to relief.  We affirm.

## I.  __BACKGROUND__[1]

A group of manufacturers (collectively, the American Companies) borrowed $21 million from Fifth Third.  Dello Russo, an investor in the American Companies, provided a personal guaranty (the Guaranty) to Fifth Third for a portion of the loan.  The Guaranty required Dello Russo to pay Fifth Third $5.95 million "[i]n the event of any Default" by the American Companies.[2]  The

---

[1] When considering an action dismissed pursuant to Rule 12(b)(6), we accept "the factual allegations in the complaint as true and construe[] them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  Thus, we present and consider the facts alleged in Dello Russo's complaint in the light most favorable to Dello Russo.

[2] Under Rule 12(b)(6), courts generally must convert a motion to dismiss into a motion for summary judgment to consider evidence beyond the complaint, such as the Guaranty.  *See Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005).  However, a "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Id.*

2

Guaranty also included a "choice-of-law" provision: "[t]his Guaranty has been negotiated, signed, and delivered in Illinois and this Guaranty and all rights, obligations, and liabilities arising under this Guaranty shall be governed by the internal laws and decisions of the State of Illinois."

Throughout the life of the loan, the American Companies struggled to meet their financial obligations to Fifth Third.  These struggles prompted Fifth Third to approach Dello Russo and request that he provide financial support to the American Companies.  In exchange for such support, Fifth Third promised to discharge Dello Russo's obligations under the Guaranty.[3]  Relying on this promise, Dello Russo spent millions of dollars bolstering the American Companies' financial position.  Dello Russo and Fifth Third never memorialized this arrangement in writing.

Eventually, Fifth Third sold the American Companies' loan to Bank of America.  Fifth Third did not discharge the Guaranty.  Instead, it assigned the Guaranty to Bank of America.  Because the American Companies defaulted on the loan, Bank of America sued Dello Russo in the United States District Court for the Middle District of Florida to enforce the Guaranty.  The court entered judgment in

_____

at 1276.  Relying on *Day*, the district court considered the Guaranty in dismissing Dello Russo's claims.  The parties do not challenge this decision, nor do we find it erroneous.  Accordingly, we also consider the Guaranty.

[3] Dello Russo's complaint alleges that Fifth Third made this promise.  Fifth Third disputes this allegation, but again, we must accept the allegations in the complaint as true.

favor of Bank of America, and this court affirmed in *Bank of America, NA v. Dello Russo* (*Dello Russo I*), 610 F. App'x 848 (11th Cir. 2015).

In this suit, Dello Russo claims Fifth Third committed negligent misrepresentation and fraud by falsely promising it would discharge the Guaranty if he provided financial assistance to the American Companies. He also asserts Fifth Third was unjustly enriched by his financial contributions to the American Companies. In dismissing these claims, the district court held that they are subject to the ICAA in light of the Guaranty's choice-of-law provision.

## II.    DISCUSSION

"We review de novo a Rule 12(b)(6) dismissal for failure to state a claim." *Speaker*, 623 F.3d at 1379. Dello Russo asserts the district court erred because: (1) his claims are not covered by the Guaranty's choice-of-law provision and, therefore, Florida—not Illinois—law is controlling; (2) under Florida law, dismissal was improper; and (3) even if Illinois law governs, his unjust enrichment claim is not barred. Finding Illinois law governs, we do not consider Dello Russo's argument that dismissal was inappropriate under Florida law. Additionally, we conclude that the ICAA bars all of Dello Russo's claims.

**A. Illinois law governs Dello Russo's claims.**

As an initial matter, the Guaranty's choice-of-law provision is enforceable. Because this is a diversity of jurisdiction case that originated in a Florida federal

4

court, we apply Florida's conflict of law rules in considering the enforceability of the provision. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021 (1941). "Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000). Dello Russo failed to preserve any claims that the choice-of-law provision violates Florida public policy.[4] Moreover, it has not otherwise been "made clear[]" that "some great prejudice to the dominant public interest" requires us to invalidate the provision. *See id.* (internal quotation marks omitted). Thus, we must uphold the provision as enforceable. *See id.* at 311–312.

We next consider whether the Guaranty's choice-of-law provision covers Dello Russo's claims. That is to say, we must decide whether the claims address "rights, obligations, [or] liabilities arising under" the Guaranty. The Guaranty states it "shall be governed by the internal laws and decisions of the State of Illinois." In addition, it provides that it was "negotiated, signed, and delivered" in Illinois. As such, we rely on Illinois contract interpretation law to resolve this

---

[4] Dello Russo argues that the choice-of-law provision is invalid because it violates Florida public policy. But, he never raised this argument before the district court, and "failure to raise an issue, objection or theory of relief in the first instance to the trial court generally is fatal." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284 (11th Cir. 2003) (internal quotation marks omitted). While we may address an argument not raised below "[w]here the proper resolution of the case is beyond any doubt" or "injustice might otherwise result," neither of these circumstances are present here. *See id.* at 1285 (internal quotation marks omitted). Therefore, we will not consider Dello Russo's new argument.

issue.  *See Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1300 (11th Cir. 2003) (finding that Delaware law must be used to assess the scope of a contractual release because the release stated that it "shall be governed and construed in accordance with the laws of the State of Delaware" (internal quotation marks omitted)).  In Illinois, "the cardinal rule [of contract interpretation] is to give effect to the parties' intent, which is to be discerned from the contract language." *Virginia Sur. Co. v. N. Ins. Co. of New York*, 866 N.E.2d 149, 153 (Ill. 2007). Therefore, "[i]f the contract language is unambiguous, it should be given its plain and ordinary meaning." *Id.*

The Guaranty plainly states that Illinois law governs all obligations arising under the Guaranty.  An obligation is "[a] legal relationship in which one person . . . is bound to render a performance in favor of another." *Obligation*, Black's Law Dictionary (10th ed. 2014).  The Guaranty created a legal relationship between Dello Russo and Fifth Third in which Dello Russo was bound to render payment to Fifth Third if the American Companies defaulted on their loan.  Although Dello Russo creatively contends that his claims arise from tortious conduct independent of the Guaranty, the crux of the claims is that Fifth Third violated an agreement modifying this legal relationship.  In other words, Dello Russo asserts that Fifth Third failed to adhere to the terms of the core obligation—albeit, a modified version of the obligation—arising under the Guaranty.  Under the "plain and

ordinary meaning" of the choice-of-law provision, the provision clearly covers Dello Russo's claims, and Illinois law governs. *See id.*

### B. The ICAA bars all of Dello Russo's claims.

The ICAA states that a "debtor may not maintain an action on or in any way related to a credit agreement unless the credit agreement is in writing . . . and is signed by the creditor and the debtor."[5]  815 Ill. Comp. Stat. 160/2.  This prohibition is broad and bars all actions, whether sounding in tort or contract, "which depend for their existence upon an oral credit agreement."  *See First Nat. Bank in Staunton v. McBride Chevrolet, Inc.*, 642 N.E.2d 138, 141–42 (1994).  As relevant here, "a debtor cannot assert a claim, counterclaim, or defense based on an agreement by a creditor to modify or amend an existing credit agreement unless the creditor and debtor have signed a writing setting forth the relevant terms of the modification."  *Dello Russo I*, 610 F. App'x at 853 (internal quotation marks omitted) (quoting 815 Ill. Comp. Stat. 160/2, 160/3) (citing *Teachers Ins. & Annuity Ass'n of Am. v. LaSalle Nat'l Bank*, 691 N.E.2d 881, 888 (1998)).

Dello Russo's claims are based on an agreement to modify an existing credit agreement—the Guaranty.  In *Dello Russo I*, we held that the Guaranty is a credit agreement under Illinois law, *see id.*, and as noted above, the claims arise from

---

[5] A credit agreement is "an agreement or commitment by a creditor to lend money or extend credit or delay or forbear repayment of money not primarily for personal, family or household purposes, and not in connection with the issuance of credit cards."  815 Ill. Comp. Stat. 160/1.

Dello Russo and Fifth Third's agreement to modify the Guaranty. Furthermore, given the broad scope of Section 160/2 of the ICAA, all of Dello Russo's claims, including the unjust enrichment claim, fall within the reach of the Section. *See LaSalle Nat'l Bank*, 691 N.E.2d at 884–85, 888 (holding that the ICAA barred a defendant's fraud, breach of fiduciary duty, and estoppel counterclaims, which arose from the defendant's allegation that the plaintiff made false oral promises to restructure a loan). Accordingly, as the district court properly found, the claims are barred by the ICCA.

**AFFIRMED.**